**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT**

REACH LOGISTICS, LLC d/b/a
REACH LOGISTICS (AMAZON DSP)

    *Plaintiff*,

    v.

OLD REPUBLIC INSURANCE
COMPANY,
SEDGWICK CLAIMS MANAGEMENT
SERVICES, INC., and
RESERV CLAIMS ANALYSIS, LLC,

    *Defendants*.

Case No. 3:26-cv-491

April 1, 2026

## NOTICE OF REMOVAL AND DISCLOSURE STATEMENT

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446, Defendant Sedgwick Claims Management Services, Inc. ("Sedgwick"), by and through its undersigned counsel, hereby files this Notice of Removal, and removes the above-entitled action from the Superior Court for the Judicial District of Ansonia-Milford, to the United States District Court for the District of Connecticut. In support of this Notice of Removal, Sedgwick states as follows:

### I.    INTRODUCTION AND BACKGROUND

1.    On or about March 3, 2026, through Corporation Service Company, Reach Logistics LLC ("Reach Logistics" or "Plaintiff"), served Sedgwick with a Summons and Complaint (the "Complaint") in the State of Connecticut Superior Court for the Judicial District of Ansonia-Milford, in the action styled *Reach Logistics, LLC d/b/a Reach Logistics (Amazon DSP) v. Old Republic Insurance Company, Sedgwick Claims Management Services, Inc., and*

1

*Reserv Claims Analysis, LLC.*  Pursuant to 28 U.S.C. § 1446(a), the Complaint, which comprises the entirety of all process, pleadings, and orders served upon Sedgwick is attached hereto as Exhibit A.

2.      This Notice of Removal is filed within 30 days after receipt by Sedgwick of Plaintiff's initial pleading, and is therefore timely filed under 28 U.S.C. § 1446(b).

3.      Here, removal is appropriate based upon diversity jurisdiction.  This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) and one that may be removed to this Court by Sedgwick pursuant to 28 U.S.C. § 1441(a) in that the dispute is between citizens of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Plaintiff seeks monetary, injunctive and declaratory relief from the defendants as a result of two settlements that were paid pursuant to a Building Auto Liability insurance policy issued to Plaintiff by co-defendant Old Republic Insurance Company ("Old Republic").  One of the settlements resolved an underlying lawsuit styled *Stanislav Lobanov v. Jalil Myers, et al.*, docket number AAN-CV-24-6057693-S, brought in the State of Connecticut Superior Court for the Judicial District of Ansonia-Milford (the "Lobanov Suit").

5.      The other settlement resolved another underlying lawsuit styled *Sergei Levkin v. Jalil Myers*, et al., docket number AAN-CV-24-6056115-S, brought in the State of Connecticut Superior Court for the Judicial District of Ansonia-Milford (the "Levkin Suit").

6.      The Lobanov Suit and the Levkin Suit (together as the "Underlying Suits") are personal injury motor vehicle actions which alleged, among other things, that Reach Logistics, as owner of one of two vehicles involved in the accident, caused the bodily injuries sustained by Mr. Lobanov and Mr. Levkin (together as the "Underlying Plaintiffs").

7.     The Underlying Suits alleged that on or about November 21, 2022, the Underlying Plaintiffs were injured while working on utility lines at a location in Woodbridge, Connecticut. Specifically, Mr. Lobanov alleged that while he was standing next to his work vehicle, Jalil Myers, one of the defendants in the Underlying Suits, who was operating a motor vehicle leased to him by Plaintiff as part of his employment as an Amazon delivery person crashed into the work vehicle Mr. Lobanov was standing next to. This purportedly caused a piece of Jalil Myer's vehicle to come into contact with Mr. Lobanov, causing injury. Mr. Levkin was in the raised utility bucket on the vehicle at the time of the accident and also suffered bodily injury.

8.     During the course of the Underlying Suits, Sedgwick served as a third-party administrator.

9.     Later in the course of the Lobanov Suit, Reserv Claims Analysis, LLC, ("Reserv") became the third-party administrator.

10.    The Levkin and the Lobanov Suits settled for $100,000 each.

11.    In this action, the Plaintiff alleges that the settlement amounts paid to resolve those claims were excessive, and that it is entitled to relief based upon financial harm suffered as a result of the defendants' conduct, which includes alleged failures to properly investigate, subrogate, and/or report the settlements, totaling $200,000.

12.    Plaintiff further alleges that, as a result of allegedly incorrect reporting of such settlements, its loss-run ratios have been improperly skewed and have negatively affected its ability to work with other insurers.

13.    Plaintiff alleges damages by way of increased premiums in excess of $380,000 and $500,000 per year, and also seeks relief in the form of consequential damages, injunctive and declaratory relief, punitive damages, attorney's fees, and both pre and post judgment interest.

## II.    BASIS FOR REMOVAL – DIVERSITY JURISDICTION

14.    Civil actions commenced in a state court, over which federal district courts have original jurisdiction, may be removed by a defendant to the federal district court for the district and division embracing the place where the action is pending, here, New Haven.  *See* 28 U.S.C. § 1441(a).

15.    United States District Courts have original jurisdiction over all civil actions in which the matter in controversy exceeds the sum of $75,000 (exclusive of interest and costs), and the dispute is between citizens of different states.  28 U.S.C. §1332(a)(1).

16.    This action is removable from the Superior Court for the Judicial District of Ansonia-Milford, to the United States District Court for the District of Connecticut on the basis of diversity subject matter jurisdiction, pursuant to 28 U.S.C. §1332(a)(1) and 28 U.S.C. §1441(a), because the action is between citizens of different states, and the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.  *See* 28 U.S.C. § 1441(b).

17.    Sedgwick hereby exercises its rights, under 28 U.S.C. §1441, *et seq.*, to remove this action from the Superior Court for the Judicial District of Ansonia-Milford, in which the action is now pending, to the United States District Court for the District of Connecticut.

### A.  Diversity of Citizenship

18.    Upon information and belief, at the time the Complaint was served, at the time of removal, at all intervening times, and as alleged in the Complaint, Reach Logistics was, and is, a limited liability company duly organized and existing under the laws of the State of Connecticut with a principal place of business in Orange, Connecticut, with a single member named Carlos Mora, who is a resident of New Haven, Connecticut.  (See Exhibit B hereto, Reach Logistics' Certificate of Organization filed with the Secretary of the State of Connecticut.)

4

19.    Upon information and belief, at the time the Complaint was served, at the time of removal, at all intervening times, and as alleged in the Complaint, Old Republic was, and is, an insurance company duly organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Chicago, Illinois.

20.    At the time the Complaint was served, at the time of removal, at all intervening times, and as alleged in the Complaint, Sedgwick was, and is, incorporated in Illinois, with its principal place of business in Memphis, Tennessee.

21.    Upon information and belief, at the time the Complaint was served, at the time of removal, at all intervening times, and as alleged in the Complaint, Reserv was, and is, a limited liability company duly organized and existing under the laws of the State of Delaware with a principal place of business in New York, New York.  (See Exhibit C hereto, Reserv's Foreign Registration Statement filed with the Secretary of the State of Connecticut.)  Upon information and belief, the company has a single member, Reserv, Inc., which is incorporated in Delaware and has a principal place of business in New York, New York.  (See Ex. A, Compl., p. 2 ¶ 4.)

22.    For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1); *Kaufman v. Gen. Ins. Co. of Am.*, 192 F. Supp. 238 (S.D. Cal. 1961).

23.    For purposes of diversity jurisdiction, Old Republic is a citizen of Pennsylvania and Illinois.

24.    For purposes of diversity jurisdiction, Sedgwick is a citizen of Illinois and Tennessee.

25.    For purposes of diversity jurisdiction, the citizenship of a limited liability company (LLC) "turns on the citizenship of all of the LLC's constituent members." *Doctor's Assocs. LLC*

*v. Beri*, No. 3:25-CV-1661 (JCH), 2026 U.S. Dist. LEXIS 45284, at *2 (D. Conn. Mar. 5, 2026) (citing to *Novel Energy Sols., LLC v. Pine Gate Renewables, LLC*, 2024 WL 1364702, (2d Cir. Apr. 1, 2024); *Weiss Acquisition, LLC v. Patel*, 2013 WL 45885 (D. Conn. 2013).

26.     For purposes of diversity jurisdiction, Reach Logistics is a citizen of Connecticut.

27.     For purposes of diversity jurisdiction, Reserv is a citizen of Delaware and New York.

### B. Amount in Controversy

28.     In addition to the requisite diversity of citizenship, the jurisdictional amount necessary to invoke federal subject matter jurisdiction on the basis of diversity is likewise satisfied in this case.

29.     In order to remove a civil action from state court to federal court under 28 U.S.C. §1332(a)(1), the matter in controversy, exclusive of interests and costs, must exceed the sum or value of $75,000.

30.     Plaintiff alleges that they are entitled to monetary relief for losses suffered in the form of increased premiums exceeding $380,000 and $500,000 per year.  Both amounts are greater than $75,000.

### C. Consent

31.     Under 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served must join in or consent to the removal of an action to federal court.

32.     The unsigned counsel represents Sedgwick, which consents to removal.

33.     Prior to filing this notice, the undersigned counsel contacted counsel for Old Republic and Reserv, who confirmed receipt of Plaintiff's complaint by each and consented to

removal. A "Consent to Removal" executed by counsel for Old Republic and Reserv is annexed hereto as Exhibit "D."

### D. Filing in State Court

34. To date, Plaintiff has not returned or filed its served complaint in the Superior Court, Judicial District of Ansonia-Milford.

35. Plaintiff selected Tuesday, April 21, 2026 as the return date for its case.

36. Under Connecticut law, Plaintiff does not have to return or file its complaint with the Superior Court until April 15, 2026. Conn. Gen. Stat. § 52-46a.

37. In Sedgwick's case, the deadline to remove is April 2, 2026, which is nearly two weeks before Plaintiff has to return its complaint to court. It is certainly possible that Plaintiff will not file its complaint until after the passage of Sedgwick's deadline to remove.

38. Ordinarily, a removing defendant must file notices in the federal court and state court simultaneously. 28 U.S.C. § 1446(d). However, that might not be possible given the staggered deadlines for returning the complaint and removing the case to federal court.

39. Connecticut civil procedure is unusual in requiring service before filing. The case law from this Court is divided over whether to accommodate that sequence by allowing the removal period to start on the date of filing rather than the date of service. *Compare Homer v. GMAC Mortg., LLC*, No. 3:10cv1937 (JBA), 2011 WL 3859719 (D. Conn. 2011); and V*HS of Arrowhead, Inc. v. Cigna Health and Life Ins. Co.*, No. 3:22-cv-602 (SRU), 2023 WL 2697373 (D. Conn. Mar. 16, 2023).

40. Since the right of removal is subject to waiver, Sedgwick files this notice of removal within 30 days of service, and will file same in the Superior Court once Plaintiff files its complaint. *See Platinum-Montaur Life Sci, LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d

Cir. 2019) ("In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." (Internal quotation marks and citation omitted.)).

## **CONCLUSION**

41.     Based upon the foregoing, this Court has original jurisdiction of this action under 28 U.S.C. §§ 1332, 1441(a), and 1446.

42.     The United States District Court for the District of Connecticut (New Haven) is the appropriate venue for removal under 28 U.S.C. § 1441(a), because it is the federal judicial district encompassing the State of Connecticut Superior Court for the Judicial District of Ansonia-Milford, where this suit was originally filed.

43.     Copies of all pleadings served upon Sedgwick and which are in the possession of Sedgwick are attached hereto as Exhibit A.  Pursuant to 28 U.S.C. § 1446(a), this constitutes "a copy of all process, pleadings, and orders" received by Sedgwick in the action.

44.     Sedgwick reserves the right to amend or supplement this Notice of Removal and Disclosure Statement.  Sedgwick also reserves all defenses and objections available under applicable law, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses or objections.  *See, e.g., Gerena v. Korb*, 617 F.3d 197, 202 (2d Cir. 2010) (removal does not waive jurisdictional objections, including defense of defective service); and *Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2d Cir. 1996) ("Removal does not waive any Rule 12(b) defenses." (Internal citation omitted.)).

WHEREFORE, Sedgwick respectfully gives notice that this action is hereby removed from the State of Connecticut Superior Court of the Judicial District of Ansonia-Milford to the United States District Court for the District of Connecticut.

Respectfully submitted,

By:   /s/ *Daniel P. Quinlan*
Daniel P. Quinlan (ct 29671)
WINGET, SPADAFORA & SCHWARTZBERG, LLP
2187 Atlantic Street, Suite 701
Stamford, CT 06902
203-328-1200
Quinlan.D@wssllp.com

*Attorneys for Defendant Sedgwick Claims Management Services, Inc.*

---

## CERTIFICATION

This is to certify that on this 1st day of April, 2026, the foregoing was mailed electronically to:

Alexander G. Hopkins, Esq.
SAXE DOERNBERGER & VITA, P.C.
35 Nutmeg Drive, Suite 140
Trumbull, CT 06611
ahopkins@sdvlaw.com

*Counsel for Plaintiff Reach Logistics, LLC d/b/a Reach Logistics (Amazon DSP)*

Michael J. Tricarico, Esq.
KENNEDYS CMK, LLP
22 Vanderbilt Avenue, Suite 2400
New York, NY 10017
Michael.tricarico@kennedyslaw.com

*Counsel for Defendants Old Republic Insurance Company and Reserv Claims Analysis, LLC*

/s/ *Daniel P. Quinlan*
Daniel P. Quinlan

9